Marcella Dalia Rosa, Ed.D. Interim Superintendent Arkansas School for the Deaf 2400 W. Markham, Box 3811 Little Rock, AR 72203
Dear Dr. Rosa:
You have requested an Attorney General opinion concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that the Arkansas School for the Deaf has received a request from an employee for the resumes of three other employees. You have provided me with copies of the requested resumes. As custodian of the records, you have determined that these records should not be released. You indicate that you believe that the release of these records would constitute a clearly unwarranted invasion of these employees' personal privacy. You state that you base this view on your perception that the records are not being requested for the purpose of obtaining information about the workings of government, but rather for the purpose of harassing the employees in question.
I am directed by law to issue my opinion as to whether your determination regarding the release of these records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that your determination that the requested resumes not be released is not consistent with the FOIA.
You are correct that resumes are classified as "personnel records" within the meaning of the FOIA, see Ops. Att'y Gen. Nos. 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-113 and 90-248, and that they are subject to the standard for determining the releasability of personnel records. Under that standard, personnel records are exempt from disclosure only to the extent that their release would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. § 25-19-105(b)(12).
In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Id.
This office has consistently taken the position that resumes are not exempt from disclosure. See, e.g., Ops. Att'y Gen. Nos. 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-113 and 90-248. Having reviewed the requested resumes, I conclude that these records do not contain information about the intimate details of these employees' lives, nor would the release of the information in these resumes subject these employees to embarrassment, harassment, disgrace, or loss of employment or friends. Rather, these records contain only information reflecting the employees' educational and professional experience and qualifications.[1]
The public clearly has an interest in knowing such information about public employees. Moreover, such information obviously reflects the workings of government in that it is directly related to hiring practices.
With regard to your contention that these records were not requested for the purpose of obtaining information about the workings of government, but rather for the purpose of harassing the employees in question, I must point out the long-held view that the motive of an FOIA requester is ordinarily irrelevant to the analysis. See, e.g., Op. Att'y. Gen. No.2002-067 ("[T]he balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought."). Accord,
Ops. Att'y Gen. Nos. 2002-087; 98-186; 96-309; 92-289 and Watkins, TheFreedom of Information Act at 76 (m m Press, 3rd ed. 1998). This view is supported by U.S. Supreme Court precedent. In Department of Defensev. FLRA, 510 U.S. 487 (1994), the United States Supreme Court cited with approval language of an earlier case, Department of Justice v. ReportersComm. For Freedom of Press, 489 U.S. 749 (1989) to this effect: "`whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.' Reporters Comm., 489 U.S., at 771. Because Congress clearly intended the FOIA `to give any member of the public as much right to disclosure as one with a special interest [in a particular document]' [citation omitted] . . . `the identity of the requesting party has no bearing on the merits of his or her FOIA request.' "510 U.S. 487, 496. The Court also stated that "all FOIA requestors have an equal, and equally qualified, right to information. . . ." Id. at 499. "Thus whether disclosure of a private document . . . is warranted must turn on the nature of the requested document and its relationship to `the basic purpose of the Freedom of Information Act to open agency action to the right of public scrutiny' [citation omitted] rather than on the particular purpose for which the document is being requested." Reporters Comm., 489 U.S. at 772. Justice Ginsburg, in her concurrence in FLRA, noted the reason for this rule: "[t]his main rule serves as a check against selection among requesters, by agencies and reviewing courts, according to idiosyncratic estimations of the request's or requester's worthiness." 510 U.S. at 508.
I note that the Arkansas Supreme Court has taken into consideration the motive of the requester in only one case, Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998), but it is my opinion that the approach taken in Stilley was particular to its own facts and circumstances and does not mandate a departure from the long-held presumption against consideration of the requester's motive. Moreover, the facts of Stilley are distinguishable in certain significant respects from your situation. InStilley, the Arkansas Supreme Court upheld a custodian's decision to withhold from release certain police officers' home addresses.[2] In upholding that decision, the Stilley court applied a balancing test between the privacy interest and the public interest and concluded that the privacy interest outweighed the public interest. In reaching this conclusion, the court specifically considered the fact that where police officers are concerned, home address information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering their families' safety. The court also took into consideration the fact that the requester's express purpose for requesting these home addresses was to obtain service of process on the police officers in a federal lawsuit. This purpose did not constitute a sufficient public interest to outweigh the privacy interest arising from the potential for harassment.
It is my understanding that unlike the requester in Stilley, the requester for these resumes from the Arkansas School for the Deaf has not stated an express purpose for requesting these resumes that is contrary to the purpose of the FOIA. Indeed, you seem to indicate that the requester has not stated a purpose for the request at all; your view of the purpose for the request appears to be speculative. Given the information contained in the resumes, it is entirely plausible that the request was made for the purpose of obtaining information about the qualifications of the employees and the hiring practices of the school — matters that are clearly within the public's interest. Moreover, in contrast to the home address information that was requested in Stilley,
the resumes that have been requested from the Arkansas School for the Deaf do not contain information that carries any apparent potential to be used for harassment purposes. Your situation is distinguishable in these significant respects from Stilley. In any event, it is my opinion, as indicated previously, that a consideration of the purpose of the request is inappropriate.
As a final matter, I note that you have indicated that the employees in question have objected to the release of these resumes. The Attorney General's office has consistently taken the position that the fact that the subject of the records may consider the release of records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See, e.g., Ops. Att'y Gen. Nos. 2003-033; 2002-090; 2001-112; 99-283; 97-008; 94-198, 93-055. Accord, Watkins, The Arkansas Freedom ofInformation Act (mm Press, 3rd Ed. 1998) at 136.
For all of the above reasons, I conclude that the requested resumes should be released, with appropriate information redacted as previously noted.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] I note that you have redacted certain information from the resumes. It appears that the redacted items of information may be the employees' addresses and telephone numbers. You are correct to redact home addresses prior to releasing these records to the public. A.C.A. §25-19-105(b)(13). If the employees' telephone numbers are unlisted, you are also clearly correct to redact them. See, e.g., Ops. Att'y Gen. No.2003-033; 2002-285; 2001-063; 2000-306. Listed telephone numbers are presumptively public information, but factual circumstances could indicate that withholding this information is appropriate if a heightened privacy interest in the number can be established. See Department of Defense v.FLRA, 510 U.S. 487, 500 (1994).
[2] Stilley occurred before the amendment of the FOIA to include an exemption for the home addresses of municipal employees. See A.C.A. §25-19-105(b)(13), as amended by Acts 2003, No. 213.